IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br>v.<br><br>ERNESTO GABRIEL HABERLI,<br><br>Defendant(s). | CASE NO. 5:11-cr-00721 EJD<br><br>**ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL**<br><br>[Docket Item No(s). 31] |

On October 25, 2012, this court denied Defendant Ernesto Gabriel Haberli's ("Defendant") Motion for Modification of Restitution Payment Schedule under 18 U.S.C. § 3572(d)(3). See Docket Item No. 25. Defendant has appealed from that order. See Docket Item No. 26. He now seeks an order allowing him to proceed *in forma pauperis* for the appeal. See Docket Item No. 31.

Pursuant to 28 U.S.C. § 1915(a)(1), the district court may authorize the commencement of any action, including an appeal, without the payment of fees upon proof that "the person is unable to pay such fees or give security therefor." However, an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This section is generally construed to mean that an appeal must not be frivolous. See, e.g., Coppedge v. United States, 369 U.S. 438, 445 (1962) (holding that the term "'good faith' . . . must be judged by an objective standard" and is demonstrated when appellant seeks review "of any issue not frivolous."); Ellis v. United States, 356 U.S. 674, 674 (1958) ("In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not

1
CASE NO. 5:11-cr-00721 EJD
ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL

1   plainly frivolous."); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) ("If at least
2   one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must
3   be granted for the case as a whole.").

4        Having reviewed this matter, the court concludes there are no valid grounds on which to base
5   an appeal because the statute upon which Defendant based his motion - 18 U.S.C. § 3572(d)(3) -
6   does not provide an avenue for the relief sought.  Indeed, Defendant's apparent request to modify to
7   the details of his participation in the Inmate Financial Responsibility Program ("IFRP"), including
8   any request to modify the restitution payment schedule designated by that program, constitutes a
9   challenge to the execution of Defendant's sentence properly raised through habeas corpus petition
10  under 28 U.S.C. § 2241 and brought in the district court where Defendant is confined.  See United
11  States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may
12  be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."); see also United States
13  v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (reaching the merits of a challenge to the IFRP
14  program through petition under §2241); see also McGee v. Martinez, 627 F.3d 933, 937 (3d Cir.
15  2010) (claim challenging an IFRP payment schedule "falls under the rubric of a § 2241 habeas
16  petition.").  Defendant's alternative request for a waiver or reduction of the restitution amount is
17  similarly ill-suited for a motion under § 3572(d)(3) because that section only allows the court to
18  "adjust the payment schedule, or require immediate payment in full."  Thus, the amount ordered in
19  the Judgment could not be waived or reduced pursuant to Defendant's motion even if he
20  demonstrated a material change in his economic circumstances.

21       Accordingly, the court certifies that Defendant's appeal is not taken in good faith pursuant to
22  28 U.S.C. § 1915(a)(3) and denies *in forma pauperis* status for the current appellate proceedings.
23  **IT IS SO ORDERED.**

25  Dated: November 27, 2012

                                  EDWARD J. DAVILA
                                  United States District Judge

**United States District Court**
For the Northern District of California