IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff(s),<br>     v.<br><br>ERNESTO GABRIEL HABERLI,<br><br>          Defendant(s). | CASE NO. 5:11-cv-00721 EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**<br><br>[Docket Item No(s). 37] |

## I.  INTRODUCTION

Defendant Ernesto Gabriel Haberli ("Defendant") plead guilty to seven counts of mail fraud in violation of 18 U.S.C. § 1341. See Docket Item Nos. 5, 6. As a result, this court ultimately sentenced Defendant to a custodial term of 15 months and a subsequent three-year term of supervised release. See Docket Item No. 20.

Defendant was incarcerated in the Southern District of Texas and was released from custody on or about August 15, 2013. He thereafter began serving the imposed term of supervised release. As a condition of supervision, Defendant is subject to a standard condition prohibiting him from leaving the Southern District of Texas without the permission of the court or the probation officer.

Presently before the court is Defendant's motion to modify the condition restricting travel, filed August 29, 2013. See Docket Item No. 37. Pursuant to the court's instruction, the Government has filed a response to the motion and the Probation Office has provided a recommendation to the court. Having considered all relevant submissions and documents, the court finds this matter

1  suitable for decision without a hearing.  For the reasons stated below, Defendant's motion will be
2  denied.

## II.  DISCUSSION

18 U.S.C. § 3583(e)(2) provides, in pertinent part:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

"[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000).  "Occasionally, changed circumstances - for instance, *exceptionally* good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release - will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997) (emphasis added).

Here, Defendant seeks to modify the travel restriction for two reasons.  First, Defendant believes the condition should be modified so that he may accept an employment offer from ArkPhil IT Solutions ("ArkPhil"), a company based in Wichita, Kansas.  According to Defendant, while ArkPhil will allow him to work from his home in Houston, he will also be required to travel to Wichita in order to work on hardware and "attend in-person meetings with customers and clients."  Defendant further states that the position may require other domestic and international travel.

Second, Defendant would like to visit his family in Venezuela.  He states that he was authorized to travel to Venezuela during pretrial supervision and complied with all conditions imposed at that time.

The Government opposes Defendant's request.  As to the request to travel for work, the Government notes that Defendant provided very little information concerning the ArkPhil offer

outside of a copy of the employment contract. In addition, the Government's independent research concerning ArkPhil apparently revealed that the company is based in the Philippines and the Wichita address corresponds to a residential house rather than a commercial office. As to the request for personal travel, the Government points out that the lack of an extradition treaty between the United States and Venezuela as well as Defendant's significant restitution order could provide the opportunity and motivation for Defendant to violate any order requiring him to return after travel.

For its part, the Probation Office does not recommend a modification of the travel restriction considering Defendant's term of supervised release recently commenced. In addition, the Probation Office indicates that the condition in its current form allows for specific requests for travel to be submitted to their office for consideration.

After considering all the statutory factors as well as the information detailed above, the court concurs with the Government and the Probation Office that Defendant has not demonstrated a sufficient basis to modify the travel restriction. This is particularly true since Defendant filed this motion less than one month after commencing supervised release. That being the case, Defendant does not have an established record of compliance with supervised release conditions. Although Defendant's record during pretrial supervision is probative on some level, the court must take into account the fact that Defendant is now subject to different conditions and a restitution order. The post-release circumstances are therefore distinct and Defendant has not been subject to them long enough for the court to adjudge compliance.

In addition, the court recognizes that the current condition does not preclude travel altogether - it requires Defendant to obtain permission to travel. On that issue, it does not appear that Defendant allowed sufficient opportunity for his current travel requests to be resolved by the Probation Office before seeking a wholesale modification from the court. It is therefore recommended that Defendant consult his assigned probation officer concerning travel needs and provide all information requested so that the Probation Office may reach a fully informed decision.

In the end, the court finds it appropriate at this early stage of supervised release to maintain the condition requiring Defendant to obtain permission to travel rather than modifying the condition to presumptively allow travel. Under the circumstances presented, the condition is neither too harsh

1   nor inappropriately tailored to serve the goals of 18 U.S.C. § 3553.

### III.   ORDER

Based on the foregoing, Defendant's motion to modify the conditions of his supervised release is DENIED.

**IT IS SO ORDERED.**

Dated:  October 23, 2013



EDWARD J. DAVILA
United States District Judge